Norman Wayne JOURNEY *v.* STATE of Arkansas

CR 74-169                                                521 S.W. 2d 210

Opinion delivered April 14, 1975

*Gene Worsham,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. Some jewelry was taken in an armed robbery in St. Louis, Missouri, and was later found and recovered in Little Rock, Arkansas. Norman Wayne Journey was charged on information filed by the prosecuting attorney in Arkansas with the crime of possessing stolen property (the jewelry) of a value in excess of $35.00 knowing the same to have been stolen. (Ark. Stat. Ann. § 41-3938 [Repl. 1964]). Journey filed a motion to dismiss the information because of prior acquittal and the motion was denied by the trial court. On appeal to this court Journey contends that the trial court erred in denying his motion to dismiss.

Journey's motion was predicated upon the fact that he had been tried and acquitted in a United States District Court in Missouri under a federal grand jury indictment for the crime of transporting the stolen merchandise in interstate commerce. (18 U.S.C.A. § 2314). The district court, in the federal case, set out the specific charge against Journey, and the elements necessary to prove the charge, in its instructions to the jury as follows:

> "The indictment is based upon a statute which is Federal law which reads as follows:
>
> 'Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or . . .'
>
> shall be punished according to law.
>
> Three essential elements are required to be proved in order to establish the offense charged in the indictment:
>
> First: The act or acts of transporting, or causing to be transported, in interstate commerce stolen jewelry as charged;

Second: Doing such act or acts willfully and with knowledge that the property had been stolen;

Third: The value of the stolen property so transported or caused to be transported must exceed $5,000.00."

The district court emphasized in its instructions to the jury that in order to convict, it would be necessary for the government to prove beyond a reasonable doubt, that the property had a value in excess of $5,000. The district court also instructed the jury as follows:

"Bear in mind that possession alone is not an offense, and that defendant is not charged with illegal possession. This instruction is given only to aid your understanding of the next following instruction.

Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

And possession in one State of property recently stolen in another State, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession not only knew it to be stolen property, but also transported it, or caused it to be transported, in interstate commerce."

The court also gave instruction as follows:

"If you should find beyond a reasonable doubt from the evidence in the case that the jewelry described in the indictment was stolen, and was transported in interstate commerce as charged, and that, while recently stolen, the property was in the possession of the accused in another State than that in which it was stolen, you may, from those facts draw the inference that the jewelry was

transported, or caused to be transported, in interstate commerce by the accused, with knowledge that it was stolen, unless possession of the recently stolen property by the accused in such other State is explained to the satisfaction of the jury by other facts and circumstances in evidence in the case."

At Journey's trial in the United States District Court in Missouri, a Mr. Pettry and a Mr. Emory were identified as the robbers. There was evidence submitted pertaining to Journey's activities in helping to dispose of the jewelry by sale in Little Rock and the ultimate recovery of the stolen jewelry in Little Rock. The evidence pertaining to the transportation of the jewelry from St. Louis to Little Rock was entirely circumstantial and actually proved only that Journey, Pettry, Emory, and the jewelry, all appeared in Little Rock at approximately the same time. As already stated, the federal district court found him not guilty.

The statute on possession of stolen property for which information was filed against Journey in Arkansas is Ark. Stat. Ann. § 41-3938 (Repl. 1964) and reads as follows:

"Any person who shall possess stolen goods, money or chattels which exceed the aggregate value of thirty-five dollars ($35.00), knowing them to be stolen, with intent to deprive the true owner thereof, shall be guilty of a felony, and upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than one (1) year nor more than twenty one (21) years; and if the aggregate value thereof be not more than thirty five ($35.00) dollars, such person shall be guilty of a misdemeanor and shall be punished by imprisonment in the county prison or municipal or city jail not more than one [1] year and shall be fined not less than ten dollars ($10.00) nor more than three hundred dollars ($300.00)."

The statutes under which the appellant contends he is immune to prosecution in this case are §§ 43-1224.1 — 43-1224.2 (Supp. 1973) which read as follows:

"43-1224.1. When a person has been either acquitted or convicted, on the merits, of an offense against the United States or against another state or territory thereof, the acquittal or conviction is a bar to prosecution for an offense against this State, or any governmental subdivision thereof, when the two [2] offenses were committed in the same course of conduct and are of the same character.

43-1224.2. For purposes of this act [§§ 43-1224.1 — 43-1224.2] two [2] offenses are of the same character when the elements which must be proved to obtain a conviction of one offense are not substantially different from the elements which must be proved to obtain a conviction of the other. In determining whether such elements are not substantially different, the court shall compare the respective purposes of the laws defining the two [2] offenses, as such purposes relate to the particular course of conduct of the defendant.

(a) Differences attributable solely to the fact that the defendant's conduct affected, in the same manner, the person or property of two [2] or more individuals, and

(b) Differences consistins of elements necessary merely to establish subject matter jurisdiction, shall not be considered in deciding whether the two [2] offenses are of the same character."

We are of the opinion, and so hold in this case, that the crime for which Journey was charged in Arkansas and the one for which he was tried and acquitted in the United States District Court of Missouri, were not offenses of the same character within the meaning of the above sections of the statutes. In the United States District Court Mr. Journey was charged, tried and acquitted of transporting or causing to be transported, stolen jewelry valued in excess of $5,000 across a state line in violation of federal law. Under the state information involved on this appeal he was simply charged with possession of the stolen property. He was charged with transportation in one case and possession in the other, of course, scienter was an element in both cases.

Sections 43-1224.1 and 43-1224.2, *supra*, are so loosely drawn they invite the argument in any case of acquittal or conviction in one state or in federal court that such acquittal or conviction would preclude the prosecution for any *related* offense or offenses involving the same subject matter in this state. We are unable to read such broad application into the statutory provisions. If such effect were to be given §§ 43-1224.1 and 43-1224.2 of the Arkansas statutes, there is no end to the extent the statute could be applied. A conviction or acquittal in federal court for transporting a female across a state line for purposes of prostitution would preclude prosecution under state law for engaging in prostitution on either side of the state line. As to the federal court trial in the case at bar, it was necessary to not only prove that Journey transported the jewelry across the state line under the charge for which he was tried in federal court, but it was necessary to prove that the jewelry so transported was worth $5,000.

No one questions the constitutional right of an accused to not twice be placed in jeopardy or given double punishment for the same offense, but we simply do not view the case at bar as that kind of case. The appellant cites, and relies heavily on, 22 C.J.S. § 285 where the "same transaction test" is discussed as it applies to double jeopardy. In this same section of C.J.S. we find the following language:

> "[T]here are many adjudications to the effect that, if two offenses grow out of the same transaction, and such offenses are severable and distinct and one is not included in the other, a prosecution for one will not bar a prosecution for the other. Thus a single act may be an offense against two statutes, or a single statute and the common law, and if the statute or the common law requires proof of an additional fact which the other does not, an acquittal or a conviction under one does not exempt accused from prosecution and punishment under the other."

We deem it unnecessary to attempt distinguishing all of the cases cited by the appellant, and we deem it unwise to attempt laying down or adopting a "same transaction rule" or any other rule of law, that would control in any case

regardless of the circumstances and facts in that case. In the case at bar guilty knowledge, actual transportation across state lines and $5,000 in value were all necessary elements of the crime charged in the federal indictment, under which the appellant was tried and acquitted.

Now, had the appellant been convicted rather than acquitted under the federal indictment, perhaps it could have been more logically argued that he also possessed the stolen goods as he transported them in interstate commerce because transportation might logically include possession, but certainly a charge of unlawful possession does not include transportation. It would appear, moreover, that one might "cause to be transported" in interstate commerce, stolen goods he had never possessed or even seen. Under the appellant's theory and argument in this case, if the appellant had been acquitted of the federal charge simply on the basis that the value of the stolen jewelry amounted to $4,000 rather than the required $5,000, then the appellant would have been immune to prosecution for the possession of the stolen property in Arkansas regardless of whether he transported it or did not transport it in interstate commerce.

The judgment is affirmed.

BYRD, J., dissents.