Norman Wayne JOURNEY *v.* STATE of Arkansas

CR 76-220                                        547 S.W. 2d 433

Opinion delivered March 14, 1977
(Division 2)

*Gene Worsham,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis & John W. Hall Jr.,* Dep. Pros. Atty., for appellee.

GEORGE ROSE SMITH, Justice. Upon this second appeal, still without a trial on the merits, the facts and, essentially, the issues of law are substantially the same as they were on the first appeal. *Journey* v. *State,* 257 Ark. 1007, 521 S.W. 2d 210 (1975), cert. den., 423 U.S. 866 (1975). We again affirm the trial court's denial of the appellant's plea of double jeopardy, for much the same reasons that were stated in our first opinion.

In 1973 Journey was acquitted in a federal court at St. Louis upon a charge of transporting stolen jewelry in interstate commerce (from St. Louis to Little Rock). He was then charged in Pulaski County, Arkansas, with having knowingly possessed the same stolen property in Little Rock. He pleaded double jeopardy as a defense. Under the statutes then in force, Ark. Stat. Ann. §§ 43-1224.1 *et seq.* (Supp. 1975), we held that the plea was correctly denied, because the two charges did not involve the same offense within the legislative intent.

The pertinent statutes were then replaced by § 41-108 of the Criminal Code of 1976. Ark. Stat. Ann. § 41-108 (Crim. Code 1976). Journey renewed his plea of former jeopardy, on the ground that the Criminal Code provision greatly expanded the earlier statutory protection against double jeopardy. We agree that there are some differences in the two statutes, but we find no substantive change that entitles Journey to a dismissal of the charge now pending in the state court.

Section 41-108 of the Criminal Code consists of two subsections. Subsection (1), as the Commentary explains, closely approximates the substantive coverage of §§ 43-1224.1 and 43-1224.2, which we considered in the first opinion. Both the older statute and the newer one recognize the defense of former jeopardy when the two offenses arise from the same course of conduct and fall within a legislative purpose to prevent substantially the same harm or evil. Upon the first appeal we found no merit in Journey's reliance upon the older statute as a basis for a claim of double jeopardy. The

differences in the wording and in the apparent intent of the two acts are so slight that our earlier opinion is controlling with regard to Subsection (1) of § 41-108 of the Criminal Code.

Subsection (2), however, is new in that, as indicated in the Commentary, its enactment stemmed from the notions of fairness and finality that underlay the decision in *Ashe* v. *Swenson*, 397 U.S. 436 (1969). The test, however, under Subsection (2) is whether the first judgment — here the acquittal in the federal court—required "a determination inconsistent with a fact which must be established for the conviction" in the second prosecution. Journey argues that an essential fact—his possession of the jewelry in Little Rock with the knowledge that it was stolen — was necessarily found not to exist in the St. Louis case. That precise argument, however, was considered and rejected on the first appeal, when we said: "It would appear, moreover, that one might 'cause to be transported' in interstate commerce, stolen goods he had never possessed or even seen." That pronouncement is still a correct statement and answers the argument that is made under Subsection (2).

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.