Charles Edward BATEMAN *v.* STATE of Arkansas

CR 78-222                                    578 S.W. 2d 216

Opinion delivered March 19, 1979
(Division I)

308

*Tom Emerson Smith* and *Anthony Wayne Emmons*, Memphis, Tenn., for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Bateman, after having first been convicted in a federal court for transporting certain stolen firearms from Mississippi County, Arkansas, to Memphis, Tennessee, was charged in the state court with theft by receiving the same firearms in Mississippi County. His plea of double jeopardy was overruled, and he was convicted by a jury. He now contends that the plea should have been sustained.

The State in its brief does not dispute the appellant's statement of the essential facts: "It is uncontroverted that both prosecutions arose out of one series of events where the Appellant received stolen firearms in Mississippi County, Arkansas, and transported them to Memphis, Tennessee, and there disposed of them." It is also conceded by the State that the federal case resulted in a conviction under 18 USC § 922 (i), which makes it unlawful "for any person to transport or ship in interstate or foreign commerce, any stolen firearm or stolen ammunition, knowing or having reasonable cause to believe that the firearm or ammunition was stolen." By comparison, under the state statute a person commits the offense of theft by receiving "if he receives, retains, or disposes of stolen property of another person, knowing that it was stolen, or having good reason to believe it was stolen." Ark. Stat. Ann. § 41-2206 (Repl. 1977).

. At one time the same conduct could give rise to identical federal and state offenses, because the offenses were deemed to have been committed against different sovereigns, but that view no longer prevails. Our General Assembly, in enacting the Criminal Code of 1976, provided that when the same conduct constitutes an offense within concurrent federal and state jurisdiction, a federal conviction or acquittal is an affirmative defense to a state prosecution unless:

> (a) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of the offenses is intended to prevent a substantially different harm or evil. Ark. Stat. Ann. § 41-108.

Neither of the exceptions defined in subparagraph (a) of the statute exists here. First, both the federal and state statutes are aimed at the same evil, the traffic in stolen property. It cannot be said that the intent of the two statutes is substantially different as far as the evil to be prevented is concerned.

Second, it certainly can be argued that the federal statute requires proof of a fact not required by the state law; that is, that the stolen property be a firearm transported in interstate commerce. But the converse is not true. The state law applies to the act of receiving, retaining, or disposing of *any* stolen property, which necessarily includes a firearm but does not add any *new* fact to the federal definition. Traffic in stolen firearms is an offense under both statutes. The State argues, however, that the state statute does require proof of a new fact, in that under the Criminal Code as originally adopted, which applies to this case, theft by receiving was a Class C felony only if the value of the stolen property was less than $10,000 but more than $100. Act 280 of 1975, § 2206. Value, however, goes only to the punishment, not to the definition of the offense. Identical offenses under state and federal law would not be different merely because the punishments were different.

Our decisions in the two *Journey* appeals are distinguishable, because there the federal prosecution had resulted in an acquittal. *Journey* v. *State,* 257 Ark. 1007, 521

S.W. 2d 210 (1975); *Journey* v. *State,* 261 Ark. 259, 547 S.W. 2d 433 (1977). In the first opinion we pointed out that Journey's double jeopardy argument would have been more logical if he had been convicted rather than acquitted under the federal indictment. In the second appeal we did not find that the Criminal Code of 1976 changed an earlier statute sufficiently to require us to reach a different result in the two appeals. Here, however, there was a conviction in the federal court; so the reasoning in the *Journey* case does not control.

Reversed.

We agree. HARRIS, C.J., and BYRD and PURTLE, JJ.