STATE of Arkansas *v.* Jack McMULLEN

CR 90-13                                     789 S.W.2d 715

Supreme Court of Arkansas
Opinion delivered May 14, 1990

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellant.

*Riffel, King and Smith*, by: *Kirby Riffel*, for appellee.

JACK HOLT, JR., Chief Justice. This is an appeal by the State of Arkansas, pursuant to Ark. R. Crim. P. 36.10(b) and (c), from the Randolph County Circuit Court's dismissal by pretrial motion of the criminal charges against the appellee, Jack McMullen, on the basis of former jeopardy.

On June 7, 1989, the State charged McMullen with the offenses of public servant bribery and possession of less than ten pounds of marijuana with intent to deliver.

On September 18, 1989, McMullen pleaded guilty in the United States District Court for the Southern District of Texas to the federal offenses of conspiracy to possess more than 100 kilograms of marijuana with intent to distribute, possession of more than 100 kilograms of marijuana with intent to distribute, and travel in interstate commerce with the intent to promote, manage, or carry on the unlawful activity of possession of marijuana with intent to distribute.

On October 11, 1989, McMullen made a motion to dismiss the State's charges predicated on Ark. Code Ann. § 5-1-114 (1987); the trial court granted the pretrial motion to dismiss, from which the State appeals.

Section 5-1-114 addresses the former prosecution in another jurisdiction as an affirmative defense to subsequent prosecution and provides as follows:

> When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state or territory thereof, a prosecution in any such other jurisdiction is an affirmative defense to a subsequent prosecution in this state under the following circumstances:
>
> (1) *The first prosecution* resulted in an acquittal or in a conviction as set out in § 5-1-112, *and the subsequent prosecution is based on the same conduct* unless:
>
> (A) The offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other, and the law defining each of the offenses is intended to prevent a substantially different harm or evil . . . .

(Emphasis added.)

\*　\*　\*　\*

The State argues on appeal that the trial court erred when it dismissed the charges of public servant bribery and possession of a controlled substance with intent to deliver against McMullen on former jeopardy grounds because these offenses have different elements and are intended to prevent substantially different harms than the federal offense of conspiracy to possess more than 100 kilograms of marijuana with intent to distribute.

We find that it is not necessary to distinguish the elements of the State offenses from the federal offenses inasmuch as the State's charges of possession of a controlled substance with intent to deliver and public servant bribery are based on different conduct at different times and places from the underlying conduct upon which the various federal offenses relating to conspiracy to possess and possession of more than 100 kilograms of marijuana with intent to distribute are based, and we reverse.

The facts underlying this case are that McMullen, as an Arkansas State Police Officer, stopped a vehicle for speeding in Randolph County, Arkansas, in January or February of 1989. McMullen subsequently discovered approximately one-quarter pound of marijuana in the vehicle. The two male occupants of the vehicle told McMullen that they could make him rich; as a result, McMullen did not arrest the two men for possession of marijuana, did not issue a speeding ticket, and did not make a report that he had stopped the vehicle. McMullen kept the marijuana, which was subsequently found at his residence after his arrest.

McMullen thereafter traveled to Pasadena, Texas, on two occasions at the invitation of the two men. On March 7, 1989, during his second trip, McMullen received twelve trash bags of marijuana, weighing a total of 302 pounds, from the two men. After loading the marijuana into his car and beginning the return trip to Arkansas, McMullen was arrested by Pasadena police officers and later charged with criminal offenses by the United States of America and the State of Arkansas.

McMullen pleaded guilty, for purposes of this appeal, to the federal offense of conspiracy to possess more than 100 kilograms of marijuana with intent to distribute. 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1).

Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this title is punishable by imprisonment or fine or both . . .," and section 841(a)(1) provides in pertinent part that ". . . it shall be unlawful for any person knowingly or intentionally — (1) to . . . possess with intent to . . . distribute . . . a controlled substance . . . ."

Arkansas Code Ann. § 5-64-401(a)(1)(iv) (1987) addresses the State charge of possession of less than ten pounds of marijuana with intent to deliver and provides, in pertinent part, as follows:

(a) . . . [i]t is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance.

(1) Any person who violates this subsection with respect to:

* * * *

(iv) A controlled substance classified in Schedule VI shall be guilty of a felony . . . .

The conduct upon which the federal conviction was based was McMullen's activities in Pasadena, Texas, on March 7, 1989, in conjunction with the two men and relating to the 302 pounds of marijuana seized in McMullen's car. In contrast, the Arkansas charge relates to McMullen's conduct on January or February of 1989 when he took possession of the one-quarter pound of marijuana from the two men in Randolph County, Arkansas.

Consequently, the underlying conduct upon which the federal conviction and the Arkansas charge are based is not the same, and the former jeopardy protection provided in section 5-1-114 does not apply.

The State charge of public servant bribery is addressed in Ark. Code Ann. § 5-52-103 (1987) and provides, in pertinent part, as follows:

(a) A person commits public servant bribery if:

(1) He offers, confers, or agrees to confer any benefit upon a public servant as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant; or

(2) He solicits, accepts, or agrees to accept any benefit, the conferring of which is prohibited by this section.

The conduct underlying this Arkansas charge is that of McMullen's acceptance in January or February of 1989, while employed as a state police officer, of one-quarter pound of marijuana in exchange for not arresting the two men for possession of marijuana or issuing a ticket for speeding in Randolph County, Arkansas.

Again, this conduct is not the same as the conduct underlying the various federal convictions relating to conspiracy to possess and possession of more than 100 kilograms of marijuana with intent to distribute because McMullen's underlying conduct for the federal conviction occurred on March 7, 1989, in Pasadena, Texas, in conjunction with the two men and relating to

the 302 pounds of marijuana seized in McMullen's car.

Consequently, McMullen's federal convictions will not prevent, on the grounds of former jeopardy, the State from proceeding with its prosecution of the charges against McMullen.

Reversed and remanded for trial.

GLAZE, J., concurs.

DUDLEY AND NEWBERN, JJ., concur in part and dissent in part.

TOM GLAZE, Justice, concurring. While I concur with the majority's holding that McMullen's federal convictions do not bar the state, on the grounds of double jeopardy, from proceeding with its prosecution of the charges against McMullen, I do so on other grounds.

The majority contends that McMullen cannot prevail on his double jeopardy affirmative defense because the federal convictions and the state charges are not based on the same conduct. In other words, the majority concludes that the federal convictions were based on McMullen's activities in Pasadena, Texas, during March of 1989, while the state charges are based on McMullen's activities in Randolph County, Arkansas, during a traffic stop in January or February of 1989.

The trial court's order granting McMullen's motion to dismiss only discusses McMullen's federal conviction of conspiracy to possess more than 100 kilograms of marijuana with the intent to distribute.[1] And, as shown from the following colloquy between the federal judge and McMullen during the plea arrangement, the federal conviction for conspiracy was based on the same conduct as the Arkansas charges:

> Now, the Government has charged, count one, a conspiracy. That is, *during the months of January through Marijuana [sic] (March) of 1989, here in Houston and in other places*, the individuals named in this indictment,

---

[1] McMullen was also convicted of two other federal crimes involving possession of more than 100 grams of marijuana but the basis of the trial court's ruling is limited to McMullen's conspiracy conviction.

Jesus Rodriguez, Francisco Gonzales, Irene Gonzales, Rutilio Tinajero, you and Jackie McMullen, unlawfully, willfully and knowingly and intentionally conspired, combined, confederated and agreed with each other and with the other persons to possess with the intent to distribute, and to distribute, more than a hundred kilograms of marijuana . . .

*  *  *

Mr. McMullen was talked to by Special Agent Cummins of D.E.A. and during that discussion indicated, among other things, that *two months prior to what . . . would have been March 7th, he had stopped in Randolph County, Arkansas,* had talked to the people who subsequently were identified as Francisco Javier Gonzales and Jesus Vera. The gist of that conversation I don't suppose is of any great moment *aside from the fact that during that car stop he seized roughly a half a kilo of marijuana from them, and during the discussion he had with them, (they) indicated to (him) if (he'd) come to Houston, (they) could make (him) rich.*[2]

He was given a telephone number . . . There were several telephone calls involving these folks back and forth . . . (Emphasis added.)

Obviously, evidence of McMullen's first meeting with the drug dealers in Randolph County, Arkansas, was used as part of the evidence for the federal conspiracy conviction. Therefore, the federal conviction for conspiracy and the state charges are based on the same conduct.

I believe that this case should be reversed on the only argument made by the state — that the harm sought to be prevented and the elements of the federal charges for public servant bribery and possession with intent to deliver are different. Instead of reversing on this argument, the majority chooses an argument that not only is wrong but is not argued by the state.

---

[2] From the facts of this case, it is clear that the record contains an obvious mistake which I have corrected parenthetically.

DAVID NEWBERN, Justice, concurring in part and dissenting in part. The majority opinion ignores the arguments presented in this appeal and concludes the events charged in the Randolph County Circuit Court are separated in time from those of which McMullen was convicted in the United States District Court in Texas, and for that reason, the federal conviction does not bar the trial in an Arkansas court. In my view, the majority of the members of the court have incorrectly analyzed this case.

The transcript of the hearing in the federal court at which McMullen pleaded guilty to five counts showed that the judge, in discussing count one, which was the charge of conspiracy to possess marijuana with intent to distribute, stated the acts were charged to have occurred "during the months of January through marijuana of 1989, here in Houston and in other places. . . ." The word "marijuana" is obviously an error which probably occurred in the transcription of the court's remarks. (The copy of the transcript we have been furnished shows that the transcription is a "computer aided" one.) The important point, however, is that the charge covered acts as early as January, 1989. That alone would not necessarily show that the alleged acts of McMullen, occurring in Arkansas in January or February of that year were included in the federal conviction. But there is more.

After reciting the counts of the federal indictment to McMullen, the federal court asked the prosecutor what the evidence showed "with regard just to Mr. McMullen." The response included the following:

> Mr. McMullen was talked to by Special Agent Cummins of D.E.A. and during that discussion indicated, among other things, that two months prior to what would have been March — yes, which would have been March 7th, he had stopped the van in Randolph County, Arkansas, had talked to the people who subsequently were identified as Francisco Javier Gonzalez and Jesus Vera.

> The gist of that conversation I don't suppose is of any great moment aside from the fact that during that car stop he seized roughly a half a kilo of marijuana from them, and during the discussion he had with them he indicated to them if they'd come to Houston, he could make them rich.

Despite the somewhat garbled remarks of the prosecutor, it is apparent that the federal conspiracy conviction included the conduct which occurred in Arkansas for which McMullen is charged in Randolph County. The state argues that the statement about the Arkansas activities of McMullen was put on record only as background information. We have no way of knowing that, and as it constituted evidence of acts which it cannot be said were not part of the whole conspiracy, we will consider it as such.

That brings us to the principal arguments made by the parties in this case. The state contends that the trial court erred by determining the federal offense by reference to the government's presentation of evidence of McMullen's Arkansas activities as part of the conspiracy. The test is said to be an "elements" rather than an "evidence" test, and the state argues that the offenses of public servant bribery and possession of less than ten pounds of marijuana with intent to deliver contain elements different from those composing the federal conspiracy charge.

In *Bateman v. State*, 265 Ark. 307, 578 S.W.2d 216 (1979), the facts were similar to those here. Federal and state prosecutions arose out of a series of events surrounding the receipt in Arkansas and transportation to Tennessee of stolen firearms. We wrote:

> At one time the same conduct could give rise to identical federal and state offenses, because the offenses were deemed to have been committed against different sovereigns, but that view no longer prevails. Our General Assembly, in enacting the Criminal Code of 1976, provided that when the same conduct constitutes an offense within concurrent federal and state jurisdiction, a federal conviction or acquittal is an affirmative defense to a state prosecution unless:

> (a) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted *each* requires *proof of a fact not required by the other* and the law defining each of the offenses is intended to prevent a substantially different harm or evil. [Emphasis added.]

That language is consistent with Ark. Code Ann. § 5-1-114(1)(A)(1987) which provides for a defense based on a federal conviction unless the offense of which the accused was formerly convicted "and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other, and the law defining each of the offenses is intended to prevent a substantially different harm or evil. . . ."

It does not constitute double jeopardy to convict a person of a conspiracy to commit an offense and then to try him for having committed the offense with respect to which he conspired. *Pereira v. United States*, 347 U.S. 1 (1954); *Sealfon v. United States*, 332 U.S. 575 (1948). A state may try one for the same offense of which he has been convicted in a federal court on the basis of the separate sovereignty doctrine unless the state has narrowed its power to do so as our general assembly has done by enacting § 5-1-114. *See Journey v. State*, 261 Ark. 259, 547 S.W.2d 433 (1977). The next phase of the issue becomes whether the offenses charged in Randolph County and the conspiracy conviction "each" have at least one different element.

No doubt the conspiracy conviction required proof of an element not required in either of the Arkansas charges. It required the knowing, willful combination, conspiracy, or agreement with other persons. The Arkansas possession with intent to deliver charge contained the element of possession which was not an element of the federal conspiracy charge. The Arkansas public servant bribery charge contained several elements not contained in the federal conspiracy charge, *e.g.*, that it be shown that McMullen was a public servant. *See* Ark. Code Ann. § 5-52-103(a)(1) (1987). The harm or evil addressed by the statute is corruption of public officials which is not an element of the federal conviction.

The last question to be answered is whether the federal conspiracy to possess conviction and the Arkansas possession with intent to deliver charge were intended to address the same harm or evil.

As pronounced by the federal judge, the count of which McMullen stands convicted was conspiracy "to possess with the intent to distribute, and to distribute, more than a hundred kilograms of marijuana, which is a schedule one controlled

substance." I can see no difference between the obvious harm or evil addressed in that charge and the harm or evil addressed in Ark. Code Ann. § 5-64-401(a)(1)(iv) (1987) which makes it unlawful to possess a controlled substance with intent to deliver. In both cases it is apparent to me that the harm or evil addressed is the distribution of, in this case, marijuana.

The decision barring trial on the public servant bribery charge should be reversed, and the decision barring trial on the charge of possession of less than 10 pounds of marijuana with intent to deliver charge should be affirmed.