## STATE *v.* SPEAR AND BOYCE.

### Opinion delivered April 24, 1916.

1. CRIMINAL LAW—FELONY CASES—APPEAL BY STATE.—Appeals by the State in felony cases are not allowed except in cases where it is important to have the court correct errors which prevent the "uniform administration of the criminal law." Appeals are not allowed merely to demonstrate the fact that the trial court has erred.

2. CRIMINAL LAW—APPEAL BY STATE.—The State can not ask for a decision of the Supreme Court on a question which is purely abstract in its nature, and the statute granting the State the right of appeal in certain cases does not contemplate an appeal in a case in which the only error alleged is that the court incorrectly decided that the evidence was not sufficient to warrant a submission of the issue to the jury.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; appeal dismissed.

*Wallace Davis,* Attorney General, *Hamilton Moses,* Assistant; *J. N. Rachels,* Prosecuting Attorney and *W. H. Yarnell, Jr.,* Deputy Prosecuting Attorney, for appellant.

1.  It was error to instruct a verdict for defendant upon the testimony.  94 Ark. 169; 99 *Id.* 121; 17 *Id.* 1.

PER CURIAM:  The two defendants, Will Spears and Arch Boyce, were indicted for the crime of grand larceny, alleged to have been committed by stealing one hog, the property of Wylie Goad, and on the trial of the case before a jury the court gave a peremptory instruction in favor of the defendants.  Judgment of acquittal was entered on the verdict and the State has appealed.

The only question presented is whether or not the evidence was sufficient to warrant a submission of the issue to the jury.  The statute provides that the State may appeal from a judgment acquitting the defendants in a felony case, but that "a judgment in favor of the defendant, which operates as a bar to a future prosecution of the offense, shall not be reversed by the Supreme Court."  Kirby's Digest, sections 2602-2604.  The appeal is, according to the terms of the statute, taken by the Attorney General filing in the office of the clerk of this court a transcript of the proceedings, if he is satisfied that error has been committed to the prejudice of the State, "and upon which it is important, to the correct and uniform administration of the criminal law, that the Supreme Court should decide."  Kirby's Digest, section 2603.

It is clear that appeals in felony cases are not allowed by the State except in cases where it is important to have the court correct errors which prevent the "uniform administration of the criminal law."  Appeals are not allowed merely to demonstrate the fact that the trial court has erred.  The question of the legal sufficiency of the evidence in a given case constitutes a question of law for the decision of the court, but it can not become a precedent for application in another case because of the varying state of facts in different cases, and therefore the decision of that question, even though it be one of law, is not important in the "uniform administration of the criminal law."  The State has no right to ask for the decision of this court on a question which is purely

abstract in its nature, and we are of the opinion that the statute does not contemplate an appeal in a case in which the only error alleged is that the court incorrectly decided that the evidence was not sufficient to warrant a submission of the issue to the jury.

Of course, it is different in misdemeanor cases where there is no punishment by imprisonment authorized and in which a judgment of reversal may be entered, but not so in a case which this court has no power to reverse and remand for a new trial.

The State's appeal is therefore dismissed.