STATE of Arkansas *v.* Paula HARRIS

CR 93-1013                                    868 S.W.2d 488

Supreme Court of Arkansas
Opinion delivered January 24, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Daniel D. Becker* and *Terri L. Harris*, for appellee.

ROBERT L. BROWN, Justice. The State brings an interlocutory appeal under Ark. R. Crim. P. 36.10(a) on grounds that the trial court improperly suppressed the confession of the appellee, Paula Harris. The State, as it must do under Ark. R. Crim. P. 36.10(c), asserts in its jurisdictional statement that the correct and uniform administration of justice requires our review of this matter. *See State* v. *Barter*, 310 Ark. 94, 833 S.W.2d 372 (1992). We do not agree with the State that the correct and uniform administration of justice is at issue in this appeal, and, accordingly, the appeal is dismissed.

The facts in this case are not disputed. On February 27, 1991, a fraud investigator for the Arkansas Department of Human

Services, Hank Whittington, wrote the following letter to Paula Harris:

> Your public assistance case is under review by Fraud Investigations. Information obtained indicates you may have received benefits to which you were not entitled. Therefore, it is very important that I meet with you.

> Your interview is scheduled at the Human Services Office in Hot Springs on Wednesday, March 6, 1991 at 10:00 a.m.

> If you cannot keep this appointment, please contact my office at 682-8849 within three (3) days upon receipt of this letter. Otherwise, your case could be referred for further action without your input.

On March 6, 1991, Harris kept the appointment with Whittington. When she arrived at Whittington's office, he greeted her and identified himself as a "criminal investigator." Whittington then advised Harris of her *Miranda* rights and had her sign a form waiving those rights. The interview commenced at which time Harris admitted that she had failed to report certain household income so that she would remain eligible for food stamps. Specifically, she failed to report that a man named Fred Crawford was living with her when she filled out the food stamps application and that he was employed. Whittington wrote out Harris's statement and had her sign it. On April 26, 1991, Whittington signed an affidavit for an arrest warrant which resulted in a felony information charging Harris with theft by deception. Almost two years later on May 19, 1993, she was arrested on the charge.

Harris moved to suppress the statement given to Whittington on grounds that he failed to advise her that she had no obligation to come down to his office, as required by Ark. R. Crim. P. 2.3. The prosecutor retorted that Whittington was not a law enforcement officer as defined by Ark. R. Crim. P. 1.6(a) and, thus, Rule 2.3 did not apply. Rule 1.6(a) defines "law enforcement officer" as "any person vested by law with a duty to maintain public order or to make arrests for offenses." The trial judge heard the matter and, specifically, Whittington's testimony about what occurred. He then ruled that "the spirit of Rule 2.3 would

include Mr. Whittington's position as criminal investigator," and he suppressed the statement.

The sole point raised in the State's appeal is whether the DHS criminal investigator, Hank Whittington, is a law enforcement officer under these facts for purposes of the application of Rule 2.3. We must first consider, however, whether this interlocutory appeal is properly before us under Rule 36.10 or, more precisely, whether we concur with the Attorney General that the correct and uniform administration of justice is at issue. We conclude that it is not.

The decision by the trial judge which we are asked to review turned on the facts of this case to such an extent that the correct and uniform administration of the law could not be at issue. It is undisputed that Whittington did not meet the definition of law enforcement officer under Rule 1.6(a). The question which the trial judge was called upon to resolve was whether he was acting like a law enforcement officer under these facts so as to bring into play the application of our criminal rules. Hence, what was presented to the judge was the investigative status of Whittington, the letter he wrote to Harris, the *Miranda* warnings, her statement, and the affidavit for arrest warning signed by Whittington. The trial judge viewed these unique circumstances and determined that the *spirit* of the Criminal Rules did embrace Whittington.

In short, an interpretation of the Criminal Rules with widespread ramifications is simply not at issue in this case. We have said the following in connection with a prior decision on the correct and uniform application of the law:

> Where the trial court acts within its discretion after making an evidentiary decision based on the facts on hand or even a mixed question of law and fact, this court will not accept an appeal under Ark. R. Crim. P. 36.10.

*State* v. *Mazur*, 312 Ark. 121, 123, 847 S.W.2d 715, 716 (1993); *quoting State* v. *Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992). Such is the situation before us now in this appeal.

Appeal dismissed.