STATE of Arkansas *v.* Bobby BANKS and Willie Butler

CR 95-666                                              909 S.W.2d 634

Supreme Court of Arkansas
Opinion delivered November 6, 1995

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Senior Appellate Advocate, for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Thomas B. Devine, III*, Deputy Public Defender, for appellees.

TOM GLAZE, Justice. The state brings this appeal pursuant to A.R.Cr.P. 36.10(b–c), contending that it has inspected the trial record and is satisfied that the state has suffered prejudicial error and that the correct and uniform administration of the criminal law requires this court's review. Rule 36.10 is jurisdictional and mandatory, and as this court has said on numerous occasions, the state has no right to appeal beyond that conferred by the constitution or rules of criminal procedure. *State* v. *Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992). As a matter of practice, the court has only taken appeals which are narrow in scope and involve the interpretation of the law. *Id.* at 521, 838 S.W.2d at 358. We decline the state's request for review here, since we fail to see how the correct and uniform administration of the criminal law is required or affected.

On May 9, 1994, appellants Bobby Banks and Willie Butler were seen in a 1977 brown and beige Grand Prix near Little Rock Central High. Butler was driving and Banks was a passenger. Banks leaned out of the passenger car window and over the top of the car when he fired a weapon at a house at 1223 Dennison Street. Banks and Butler were later identified, arrested and, on June 22, 1994, were charged with class B felony offenses — unauthorized use of another person's property to facilitate certain crimes under Ark. Code Ann. § 5-74-105(a)(1) (Repl. 1993) and second degree unlawful discharge of a firearm from a vehicle under Ark. Code Ann. § 5-74-107(b)(1) (Repl. 1993). These state offenses are a part of Arkansas's Criminal Gang, Organization, or Enterprise Act.

Both Banks and Butler were also charged with having violated federal offenses under the Gun-Free School Zones Act, which includes a provision making it unlawful for any person, knowingly or with reckless disregard for the safety of another, to discharge or attempt to discharge a firearm at a place that the person knows is a school zone. 18 U.S.C.A. § 922(q)(3)(A) (Supp. 1995). On September 19, 1994, Banks pled guilty in federal court to one count of aiding and abetting in the discharge of a firearm in a school zone under § 922(q)(3)(A), and on October 17, 1994, Butler pled guilty to one count of misprision of felony under 18 U.S.C.A. § 4 (1969). In essence, misprision of felony is the failure of an individual having knowledge of the actual commission of a federal offense to report this information to federal authorities.

After entering guilty pleas to the federal offenses, Banks and Butler filed motions to dismiss in the state criminal proceeding and argued double jeopardy barred further prosecution. They contended that Ark. Code Ann. § 5-1-114 (1987) protected them against multiple prosecution in different jurisdictions for the same conduct. In sum, Banks's and Butler's argument was that the Arkansas felony offenses of unauthorized use of another person's property to facilitate certain crimes and second degree unlawful discharge of a firearm from a vehicle are the "same offense" as the federal criminal offenses of discharging a firearm at a place known to be a school zone and misprision of felony. The state trial court agreed and granted their motions to dismiss.

The state seeks this appeal and submits the two state felony offenses are not the "same offense" as the federal ones because

each state offense requires proof of an element that the federal offenses do not. The state further asserts the Arkansas felony offenses are intended to combat a societal evil that is substantially different from the one the federal offenses are intended to combat. *See* § 5-1-114(1)(A).

■ Most of the state's argument depends on a comparison of the elements contained in the pertinent state criminal offenses with those in the federal criminal Gun-Free School Zones Act, particularly § 922(q) of that Act. The state concedes, however, the Supreme Court has held that, in making it a federal offense under § 922(q) for any individual knowingly to possess a firearm at a place that individual knows or has reasonable cause to believe is a school zone, Congress exceeded its constitutional authority under the Commerce Clause. *U. S.* v. *Lopez*, 115 S.Ct. 1624 (1995); *see also* 18 U.S.C.A. § 922(q)(2)(A). That being so, the state further concedes, as it must, provision § 922(q)(3)(A) in issue in this case is undoubtedly unconstitutional and will not survive a future constitutional challenge. Because § 922(q) of the federal act has been held to have exceeded Congress's constitutional authority, we have no reasonable expectation that another case like the one before us will arise again. Certainly the state offense involving our interpretation of § § 5-74-105(a)(1) and -107(b)(1) will not come into issue in the same manner. Consequently, we conclude that Arkansas's correct and uniform administration of the criminal law is not in issue.

■ In sum, while this court has allowed the state a Rule 36.10(b–c) appeal where a substantial question of former jeopardy existed when federal and state offenses and proceedings were involved, *State* v. *McMullen*, 302 Ark. 252, 789 S.W.2d 715 (1990), we find no substantial question here since the situation here (or one similar) is unlikely to recur. *See also Bateman* v. *State*, 265 Ark. 307, 578 S.W.2d 216 (1979). Instead, because § 922(q) has been declared unconstitutional, the only statutory interpretation with which we are primarily left concerns § 5-1-114 and how it is viewed under the controlling cases of *Blockburger* v. *United States*, 284 U.S. 299 (1932), and *United States* v. *Dixon*, 113 S.Ct. 2849 (1993). We do not render advisory interpretation of laws, which is what exists here once it is concluded that the federal law in issue is deemed unconstitutional.

348

In conclusion, we mention that the federal criminal statute regarding misprision of felony is still in effect and a double jeopardy comparision of it to the state felony offenses against Butler may have lent some importance for a Rule 36.10(b–c) review, but that issue was not argued by the prosecutor below. The trial court, state and defense counsel limited their arguments to comparing Banks's and Butler's state offenses to the federal charges filed under the Gun-Free School Zones Act, specifically § 922(q)(3)(A). Because the prosecutor failed to include the federal misprision of felony offense as a part of his double jeopardy argument, we could not consider it even if a Rule 36.10 appeal were granted.

For the reasons above, we dismiss the state's appeal.