STATE of Arkansas *v.* Mike GRAY

CR 97–460                        955 S.W.2d 502

Supreme Court of Arkansas
Opinion delivered October 30, 1997

[Supplemental opinion on denial of rehearing issued
December 18, 1997.*]

---

\* GLAZE, J. dissents.

*Winston Bryant*, Att'y Gen., by: *Kelly S. Terry*, Asst. Att'y Gen., for appellant.

*Castleman Law Firm*, by: *Bob Castleman*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The State brings this interlocutory appeal under Ark. R. App. P.—Crim. 3(c), asserting the grounds that the trial court (1) improperly suppressed a one-pound bag of marijuana allegedly abandoned by appellee Mike Gray; and (2) erroneously concluded that appellee had standing to challenge the validity of a search warrant to search another person's residence. The Attorney General maintains, as it is required to do under Rule 3(c), that the correct and uniform administration of justice requires our review of the trial court's suppression order. Because we conclude that neither issue raised by the State involves the correct and uniform administration of justice, we dismiss the appeal.

On June 24, 1994, officers with the Third District Judicial Task Force met with a confidential informant to arrange an undercover sale of marijuana and crystal methamphetamine to Lavern Bruton at his residence in Pocahontas, Arkansas. Later that evening, the informant went to Bruton's residence with ten pounds of marijuana and an eight-ball of crystal methamphetamine that had been provided to him by the task force. While the informant was inside the residence, Bruton telephoned appellee Mike Gray and instructed him to come to his house. When appellee arrived in a silver van, officers who were conducting surveillance observed Bruton come outside and sell him one pound of marijuana. After the sale, appellee drove away from the residence. Soon thereafter, officers executed a search warrant of the Bruton residence and recovered nine pounds of marijuana. When officers stopped appellee in his van, they found no controlled substances. However, while appellee was stopped, officers found a bag of marijuana in a ditch. The mark on the bag matched the markings on the other bags found in the Bruton residence that the informant had given Bruton.

Appellee was charged by felony information with possession of a controlled substance with intent to deliver. Thereafter, he filed a pretrial motion to suppress the one-pound bag of marijuana on the ground that it had been obtained pursuant to an invalid search warrant of Bruton's residence. He further argued that he was on Bruton's private property upon Bruton's invitation when he was "unlawfully observed" by the officers. He further claimed that the warrant to search Bruton's residence was invalid because it was an "anticipatory warrant." The trial court conducted a suppression hearing at which Bruton testified, confirming that he had indeed delivered one pound of marijuana to appellee on the night in question. At the conclusion of the hearing, the trial court granted appellee's motion and suppressed the bag of marijuana found in the ditch, from which the State now brings this interlocutory appeal.

The first issue presented is whether the trial court should have determined that appellee abandoned the marijuana in question and thus abandoned his rights under the Fourth Amendment. Before addressing the merits of this claim, we must first decide whether this issue is properly before us under Rule 3(c). Specifically, we must decide whether the correct and uniform administration of justice requires us to review this point.

In support of its argument, the State refers us to three cases regarding abandonment of Fourth Amendment rights. See *Edwards v. State*, 300 Ark. 4, 775 S.W.2d 900 (1989) (cocaine admissible where appellant tossed aside container of cocaine when he saw officers approaching him); *Wilson v. State*, 297 Ark. 568, 765 S.W.2d 1 (1989) (jacket and gun left at friend's home held abandoned); and *Cooper v. State*, 297 Ark. 478, 763 S.W.2d 645 (1989) (appellant who fled his vehicle after traffic stop abandoned any expectation of privacy in car and its contents). A review of these decisions illustrates that the issue of abandonment necessarily turns on the facts in a given case. *See State v. Tucker*, 268 Ark. 427, 428, 597 S.W.2d 584 (1980) ("[A]bandonment is a fact question generally determined by a combination of acts and intent").

Because the trial court's decision in the present case necessarily turned on whether appellee in fact abandoned the

marijuana, we must conclude that the resolution of this issue does not require an interpretation of our criminal rules with widespread ramifications. See *State v. Hart*, 329 Ark. 582, 952 S.W.2d 138 (1997); *citing State v. Harris*, 315 Ark. 595, 597, 868, S.W.2d 488 (1994):

> Where the trial court acts within its discretion after making an evidentiary decision based on the facts at hand or even a mixed question of law and fact, this court will not accept an appeal under Ark. R. Crim. P. 36.10 (now Ark. R. App. P.—Crim. 3(c)).

We reach a similar conclusion regarding the State's second allegation of error; that is, that the trial court erred in determining that appellee had standing to challenge the validity of the search warrant obtained to search Bruton's residence. Resolution of this issue required the trial court to determine whether appellee manifested a subjective expectation of privacy in Bruton's residence and whether society is prepared to recognize this expectation as reasonable. See *Dixon v. State*, 327 Ark. 105, 937 S.W.2d 742 (1997). Because this issue presented a mixed question of law and fact, it too is not appealable.

It is well-settled that we only accept appeals by the State when our holding would establish important precedent. *State v. Hart, supra; State v. Rice*, 329 Ark. 219, 947 S.W.2d 3 (1997); *State v. Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993). As neither issue presented by the State involves the correct and uniform administration of justice, we dismiss the appeal.

Appeal dismissed.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. I respectfully dissent. The majority court misreads appellee Mike Gray's and the State's briefs. This case does not deal only with abandonment of the one pound of marijuana with which Gray was charged. Nor is this appeal about a trial judge who failed to follow or misapplied established precedent concerning abandonment of contraband. The issue argued and considered by the trial judge, and now on appeal by both parties, is as follows: Assuming Gray had no standing to

suppress the marijuana because he threw it from his vehicle and abandoned it, did other earlier events, occurring that same evening, constitute an illegal seizure that made the marijuana the product of an unlawful seizure and therefore inadmissible? Gray cites Rule 16.2(a)(4) of the Arkansas Rules of Criminal Procedure in support of his argument that the trial court correctly suppressed the marijuana as having been unlawfully seized.

Gray's argument is that the one-pound bag of marijuana that was thrown from his vehicle had earlier been illegally seized by Officer Poe. Gray explains that, earlier the same evening when he was arrested, Poe was unlawfully positioned on the private property of Lavern Bruton when Poe saw Bruton come out of his house to enter Gray's car parked in the driveway. Poe witnessed Bruton and Gray transact the sale of marijuana. Gray argues he had a legitimate expectation of privacy while his car was parked in Bruton's driveway, and because Poe was on Bruton's property without his consent, the one-pound bag of marijuana was deemed illegally seized at that stage. Specifically, Gray, utilizing language in Rule 16.2(a)(4), urges that the one pound of marijuana suppressed by the trial judge had been obtained as a result of "other evidence" unlawfully obtained. That "other evidence," he claims, was Officer Poe's unlawful observation of Gray.

The State points out that, although our court has never addressed the issue raised here, other appellate courts have, and held the defendant in such circumstances does not have a legitimate expectation of privacy in an open driveway. Again, the issue presented is precedent setting and, in my view, worthy of this court's consideration under Ark. R. App. P.—Crim. 3(c). The precedent setting question aside, this court has said that, even when it has already decided the issue presented in a case and has created precedent which will assure the correct application of the law, *the court still will permit an appeal that will foster uniform application of the law*. *State v. Rice*, 329 Ark. 219, 947 S.W.2d 3 (1997); *see also State v. Dennis*, 318 Ark. 80, 883 S.W.2d 811 (1994). At the least, that is the situation here.

Finally, I would be remiss if I failed to mention that even Gray in no way suggests by argument that the State's appeal should

not lie. Because I believe the Fourth Amendment issue and needed interpretation of Rule 16.2 fit well within the dictates of Criminal Appellate Rule 3(c), I would grant this appeal.

---

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

### DECEMBER 18, 1997

958 S.W.2d 302

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellant.

No response.

W.H. "DUB" ARNOLD, Chief Justice. The State files its petition suggesting that we erred in refusing to accept its appeal. While we agree that we misstated our guidelines regarding the acceptance of State's appeals, we do not agree that we should have accepted the State's appeal in Gray's case.

■ ■ Citing *State v. Hart*, 329 Ark. 582, 952 S.W.2d 138 (1997), *State v. Rice*, 329 Ark. 219, 947 S.W.2d 3 (1997), and *State v. Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993), we said that

"we *only* accept appeals by the State when our holding would establish important precedent." (Emphasis added.) Our review of State's appeals is not limited to cases that would establish precedent. We correctly stated our guidelines for accepting State's appeals under Ark. R. App. P.—Crim. 3(c) in our recent decision in *State v. Stephenson*, 330 Ark. 594, 955 S.W.2d 518 (1997):

> We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. Rule 3(c). As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *State v. Banks*, 322 Ark. 344, 345, 909 S.W.2d 634, 635 (1995). Where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *State v. Harris*, 315 Ark. 595, 868 S.W.2d 488 (1994). Appeals are not allowed merely to demonstrate the fact that the trial court erred. *State v. Spear and Boyce*, 123 Ark. 449, 185 S.W. 788 (1916).

330 Ark. at 595. Resolution of the issue of abandonment in the present appeal turned on the facts unique to Gray's case, and thus did not require interpretation of our criminal rules with widespread ramifications. Thus, because the issues presented by the State in this appeal did not involve the correct and uniform administration of justice, we correctly dismissed the appeal. Accordingly, we deny the State's petition for rehearing.

GLAZE, J. dissents.

TOM GLAZE, Justice, dissenting. While the majority has corrected its opinion to reflect the proper standard or rule this court utilizes when determining if it will grant the State's appeal under Ark. R. App. P.—Crim. 3(c), the majority then incorrectly applies the rule to the circumstances of this case. In other words, the majority opinion rejects the State's appeal, stating "resolution of the issue of abandonment in the present appeal turned on the facts unique to Gray's case, and thus did not require interpretation of our criminal rules with widespread ramification." Not true.

As I pointed out earlier, the State asks this court to interpret Criminal Rule 16.2(a)(4) and the meaning of "other evidence" as employed by that rule. *See State v. Gray*, 330 Ark. 364, 367-369, 955 S.W.2d 502 (1997), Glaze, J., dissenting, 330 Ark. at 367-369. *Gray* used Rule 16.2(a)(4) to support his argument that the one-pound bag of marijuana, which was the subject of the suppression hearing, had been illegally seized when Officer Poe was unlawfully

positioned on Bruton's private property. *See Id.* at 368. This issue has never been addressed by any Arkansas appellate court, and is reason alone to grant the State's appeal. Obviously, this legal issue regarding the interpretation of Rule 16.2(a)(4) has widespread ramifications, since our appellate courts, until now, have never had an opportunity to address the question. Accordingly, I would grant the State's petition for rehearing.