STATE of Arkansas *v.* Larry James STEPHENSON

CR 97-365 955 S.W.2d 518

Supreme Court of Arkansas
Opinion delivered November 13, 1997

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellant.

*Mosby Law Firm*, by: *Lori A. Mosby*, for appellee.

DONALD L. CORBIN, Justice. ■■■■ Appellee Larry James Stephenson was charged as a habitual offender with possession of drug paraphernalia and maintaining a drug premises. Appellee was tried by a jury on December 4, 1996. The case never reached the jury, however, because the trial court directed a verdict for Appellee on both charges at the close of the State's evidence. The State has filed this appeal. The threshold issue in this case is whether the State is permitted to appeal from the trial court's order directing a verdict for Appellee. Resolution of this preliminary issue requires our construction of Ark. R. App. P.—Crim. 3(c); our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1–2(a)(17)(vi). We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. Rule 3(c). As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *State v. Banks*, 322 Ark. 344, 345, 909 S.W.2d 634, 635 (1995). Where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *State v. Harris*, 315 Ark. 595, 868 S.W.2d 488 (1994). Appeals are not allowed merely to demonstrate the fact that the trial court erred. *State v. Spear and Boyce*, 123 Ark. 449, 185 S.W. 788 (1916).

■■■ Our law is well settled that the State is not permitted to appeal from a directed verdict acquitting the defendant when the sole issue is the sufficiency of the evidence of the defendant's guilt. *State v. Long*, 311 Ark. 248, 844 S.W.2d 302 (1992); *State v.*

*Dixon*, 209 Ark. 155, 189 S.W.2d 787 (1945). The reasoning behind this rule is stated as follows:

> The question of the legal sufficiency of the evidence in a given case constitutes a question of law for the decision of the court, but it cannot become a precedent for application in another case because of the varying state of facts in different cases, and therefore the decision of that question, even though it be one of law, is not important in the "uniform administration of the criminal law."

*Spear and Boyce*, 123 Ark. 449, 450, 185 S.W. 788, 789.

The State contends that the transcript in this case demonstrates that the prosecution was prejudiced and that, thus, this appeal is necessary to ensure the correct and uniform administration of the criminal law, as provided in Ark. R. App. P.—Crim. 3(c). The State argues that the trial court erroneously weighed the credibility of the evidence and ignored key evidence favorable to the State, rather than deciding the motions strictly on the sufficiency of the evidence. The State relies heavily on this court's decisions in *State v. Johnson*, 326 Ark. 189, 931 S.W.2d 760 (1996), and *Long*, 311 Ark. 248, 844 S.W.2d 302. Such reliance is misplaced because the facts of both cases differ considerably from those in the present case.

In *Johnson*, the appellee was tried on the charge of driving while intoxicated. In granting the directed verdict, the trial court commented that Johnson's blood-alcohol content, 0.06 percent, was "terribly low," and observed that there had been no field sobriety tests performed at the time of the stop. The trial court remarked further about the "subjective" observations of the officers and concluded that the low result of the blood-alcohol test coupled with the absence of any "objective" tests mandated a directed verdict in Johnson's favor. This court accepted the appeal in that case due to the trial court's remarks and, perhaps more significantly, due to the trial court's erroneous belief that a conviction for driving while intoxicated is dependent upon quantified evidence of blood-alcohol content, as opposed to sufficient other evidence of intoxication. Thus, a review of the case was warranted in order to ensure the correct and uniform administration

of the criminal law, particularly that pertaining to the offense of driving while intoxicated. Here, the State does not contend that the trial court misinterpreted the law.

In *Long*, 311 Ark. 248, 844 S.W.2d 302, the appellees were charged with capital murder. At the end of the State's case, the trial court directed verdicts for both appellees. In a written order, the trial court recited the evidence presented by the State and then made conclusory comments. The trial court pointed to numerous inconsistencies and discrepancies in various witnesses' testimonies and then concluded that the jury would have had to engage in too much speculation and conjecture to sort out the inconsistencies and find the appellees guilty of the crimes charged. This court concluded that the trial court's remarks amounted to an improper weighing of the evidence, as variances and discrepancies in the proof go to the weight or credibility of the evidence, which is for the jury to resolve.

Here, at the conclusion of the State's case and outside the presence of the jury, Appellee's counsel made a motion for directed verdict on the grounds that the State had failed to prove that Appellee had a proprietary interest in the home where he was arrested and that the drug paraphernalia found in the home was possessed by Appellee. The trial judge granted the directed verdict. Subsequently, the trial judge explained his ruling to the jurors:

> The Court's directing a verdict for the defendant in this case. The Court is not convinced that there's sufficient evidence for a jury to do anything other than speculate as pertains to the premises. The affidavit for search warrant itself makes clear that the state was under the impression that a female was maintaining that particular premises. Contrary to the inference that a person simply being in a premise is enough to establish a proprietary interest, that is not the law in the State of Arkansas. And, specifically, the Court asked Miss Sakevicius [Arkansas State Crime Laboratory chemist] if there were any traces even of cocaine in her exhibit number three, which is the only item that was taken off of Mr. Stephenson. And she said, "no." So, that is not sufficient to establish. Usually even on a bag, there are traces or residue to show that there has been some cocaine in the bag. But Miss Sakevicius, specifically in response to the Court's own ques-

tions, said that she did not find cocaine in what she identified as her E-3. And that is the one that was taken off Mr. Stephenson.

Thank y'all very much. You can relieve yourselves of your badges. You all are excused.

This case is unique in that the State has based its grounds for appeal on the words of the trial judge, which were not directed to trial counsel in the form of an order, but rather, were directed as a lay explanation to the jurors who had served in the case. We have no other indication of the trial judge's reasons for directing the verdict, as the written order from the trial court reveals only that Appellee's motion for directed verdict was granted and that he was acquitted.

■ The State asserts that the trial judge improperly weighed the evidence in granting the motion for directed verdict and failed to consider the totality of the State's proof, viewing the evidence in a light most favorable to the State. The State asserts further that the trial judge ignored critical evidence of Appellee's guilt and relied, instead, on selective evidence that tended to favor Appellee. The State does not argue that the trial judge commented on one witness's credibility over another, or that he stated that the State's evidence was not believable, or that he indicated that there were too many discrepancies in the witnesses' testimonies for the jury to convict Appellee. In other words, the State merely contends that the trial judge erred in directing a verdict in favor of Appellee because there was sufficient evidence presented to convict him of the charges. Such contention is not a proper basis for an appeal by the State.

■ Accordingly, we dismiss the appeal. It is not for this court to engage in a search for error where any determination by this court would not set precedent or serve as a guide in future prosecutions. Even assuming *arguendo*, that the trial court erred in directing the verdict for Appellee, we would still hold that the appeal must be dismissed, as Rule 3(c) does not contemplate such an appeal by the State. Additionally, we do not view the trial judge's comments as indicating that he improperly weighed the credibility of the evidence. Instead, the trial judge's comments demonstrate only that he concluded that there was not sufficient

evidence presented demonstrating that Appellee maintained the premises or that he had possessed drug paraphernalia. The trial judge in this case did not engage in a comparison of various witnesses' testimonies in an effort to harmonize them. Nor did he express any sentiment that the State's witnesses were not credible or that their testimony was not believable. Thus, we cannot say that the trial judge improperly weighed the credibility of the evidence, as opposed to viewing the evidence as merely being insufficient to sustain a conviction on the charges.

Appeal dismissed.

GLAZE, J., dissents. I would agree to review this unusual case, and can think of no reason not to do so; especially since the defendant here is free from future prosecution as a result of the trial court's granting him a directed verdict.