STATE of Arkansas *v.* Betty THOMPSON

CR 00-936 34 S.W.3d 33

Supreme Court of Arkansas
Opinion delivered December 14, 2000

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellant.

*David W. Talley, Jr.*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The State has brought this appeal to determine whether it is precluded by collateral estoppel from charging a defendant with "knowingly" committing an offense when the defendant has already been convicted of "negligently" committing a separate offense involving different elements but arising out of the same actions. We hold that the collateral estoppel effect attributed to the Double Jeopardy Clause does not preclude a defendant from being charged with a subsequent offense arising out of the same actions when the elements of the offenses are different. As such, we reverse and remand the case to the trial court.

On July 22, 1999, appellee Betty Thompson entered a plea of *nolo contendere* to violating Ark. Code Ann. § 5-28-103(c)(1) (Repl. 1997), which states that "any person or caregiver who neglects an endangered or impaired adult . . . causing serious physical injury or substantial risk of death, shall be guilty of a Class D felony[.]" "Neglect," as defined in Ark. Code Ann. § 5-28-101(3) (Repl. 1997) requires that a person act negligently. Thompson's plea arose from her failure to properly care for her husband.

Subsequent to her plea, Thompson's husband died, allegedly as a result of her abuse. The State charged her with second-degree murder. Arkansas Code Annotated § 5-10-103(a)(1) (Repl. 1997) states that "[a] person commits murder in the second degree if he knowingly causes the death of another person under circumstances manifesting an extreme indifference to the value of human life."

Prior to trial, Thompson moved for dismissal in the circuit court, claiming that her former admission of guilt to negligence in the abuse of her husband precluded the State from seeking a second-degree-murder conviction for "knowingly" causing his death. Specifically, Thompson contended that under the doctrine of collateral estoppel, the finding that she acted negligently in committing adult abuse decided an issue of ultimate fact; and, therefore, the

State could not then seek to attribute a greater culpable mental state to her for allegedly causing her husband's death. The State responded below by arguing that, pursuant to Ark. Code Ann. § 5-2-203(c) (Repl. 1997), one who acts "knowingly" also acts "negligently," and that the finding that Thompson acted negligently in committing adult abuse did not decide the issue of whether she acted knowingly in causing her husband's death.

Based on the foregoing arguments, the circuit court granted Thompson's motion to dismiss, finding that collateral estoppel prevented the State from charging her with second-degree murder and the lesser-included offense of manslaughter. The State now appeals the circuit court's decision to grant Thompson's motion, contending that the trial court was in error and that collateral estoppel does not apply. We agree with the State and reverse and remand the case, as a result.

## I. Propriety of the Appeal

The State brings this appeal under Arkansas Rule of Appellate Procedure—Criminal 3(b) and (c), asserting that the trial court improperly granted appellee's motion to dismiss the second-degree-murder charge. The State maintains, as it is required to do under Rule 3(c), that the correct and uniform administration of justice requires this Court's review of the trial court's order. Before addressing the merits of the State's claim in this case, we must first decide whether this issue is properly before us under Rule 3(c). Specifically, we must decide whether the correct and uniform administration of justice requires us to review this point.

██ This Court held in the case of *State v. Gray*, 330 Ark. 364, 955 S.W.2d 502 (1997), that our review of State's appeals is not limited to cases that would establish precedent. Still, this Court held, quoting from our decision in *State v. Stephenson*, 330 Ark. 594, 955 S.W.2d 518 (1997):

> We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. Rule 3(c). As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *State v. Banks*, 322 Ark. 344, 345, 909 S.W.2d 634, 635 (1995). Where an appeal does not present an issue of interpretation of the

criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *State v. Harris*, 315 Ark. 595, 868 S.W.2d 488 (1994). Appeals are not allowed merely to demonstrate the fact that the trial court erred. *State v. Spear and Boyce*, 123 Ark. 449, 185 S.W. 788 (1916).

330 Ark. at 595. We further held in *State v. Gray, supra,* that where the trial court acts within its discretion after making an evidentiary decision based on the facts at hand, or even a mixed question of law and fact, this Court will not accept an appeal by the State under Ark. R. App. P.—Crim. 3(c). *Id.* at 367, *quoting State v. Hart*, 329 Ark. 582, 952 S.W.2d 138 (1997).

Certainly, the instant case involves a question of interpretation of law, not fact. This *particular* application of the doctrine of collateral estoppel to the Double Jeopardy Clause is an issue of first impression in Arkansas, in that it involves a subsequent charge for the same conduct of an offense involving a *greater* culpable mental state than the offense for which appellee was first convicted. As such, the resolution of the issue in this case clearly requires an interpretation of our criminal rules and constitution that could have widespread ramifications. As such, we accept the appeal and will address the merits.

## II. Merits of the Case

The State contends that the trial court erred in granting appellee's motion to dismiss and finding that the collateral estoppel effect attributed to the Double Jeopardy Clause prevented the State from charging appellee with second-degree murder and the lesser-included offense of manslaughter when she had already been convicted of abuse of an adult, which required a lower culpable mental state than second-degree murder. The State contends that because the elements of the subsequent offense were not the same as the elements involved in the offense for which she was already convicted, the doctrine of collateral estoppel did *not* preclude the State from charging appellee with second-degree murder. We agree.

When an issue of ultimate fact has once been determined by a valid and final judgment, collateral estoppel precludes relitigation of that issue between the same parties in any future proceeding.

*E.g., Edwards v. State*, 328 Ark. 394, 943 S.W.2d 600, *cert. denied*, 522 U.S. 950 (1997) (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)). In order to establish collateral estoppel, proof of the following is required: 1) the issue sought to be precluded must be the same as that involved in the prior litigation; 2) the issue must have been actually litigated; 3) the issue must have been determined by a final and valid judgment; and 4) the determination must have been essential to the judgment. *Edwards*, 328 Ark. at 401-02, 943 S.W.2d at 603.

The State contends that the fact appellee was found to have negligently abused her husband did not determine the issue of whether she had knowingly caused his death and, therefore, the doctrine of collateral estoppel does not apply. We agree. Appellee asserts that the collateral estoppel effect attributed to the Double Jeopardy Clause *does* apply to this situation and that having previously been found to have acted negligently, the State cannot now ask that she be found to have acted with a *greater* culpable mental state. Appellee claims that her former prosecution and conviction for adult abuse is an affirmative defense to a subsequent prosecution for second-degree murder because both offenses related to the same conduct. Appellee further intimates that the negligent abuse of an impaired adult, to which she pled in the first instance, should be considered a lesser-included offense to second-degree murder. Appellee's arguments, however, are flawed, as negligent abuse of an impaired adult is neither a lesser-included offense of second-degree murder, nor is the "same conduct" analysis, standing alone, the appropriate analysis to determine whether double jeopardy applies.

■ First, Ark. Code Ann. § 5-1-110(b) (Repl. 1997) defines a lesser-included offense as follows:

> An offense is so included [in another] if:
>
> (1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or
>
> (2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or
>
> (3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same

person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

Certainly, proof of different elements are required between the two offenses at issues here. Negligent abuse of an *impaired adult* is not the same as, nor does it amount to, an *attempt* to knowingly cause the death of a person. Negligent abuse of an impaired adult simply does not fit the definition of a lesser-included offense of the offense of murder, at any degree.

Next, Ark. Code Ann. § 5-1-113(1) (Repl. 1997) states in pertinent part:

A former prosecution is an affirmative defense to a subsequent prosecution for a different offense under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:

(A) Any offense of which the defendant could have been convicted in the first prosecution; or

(B) An offense based on the same conduct, *unless*:

(i) *The offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of the offenses is intended to prevent a substantially different harm or evil;* or

(ii) The second offense was not consummated when the former trial began.

[Emphasis added.] As settled above, each of the crimes at issue here clearly requires proof of an element not required by the other; further, the law defining each of the offenses is obviously intended to prevent a different harm.

■■ The Double Jeopardy Clauses of both the United States and Arkansas constitutions protect criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Wilcox v. State*, 342 Ark. 388, 39 S.W.3d 434 (2000); *North Carolina v. Pearce*, 395 U.S. 711 (1969); *Zawodniak v. State*, 339 Ark. 66, 3 S.W.3d 292 (1999). Where

double jeopardy applies, "its sweep is absolute." *United States v. DiFrancesco*, 449 U.S. 117, 131 (1980) (quoting *Burks v. United States*, 437 U.S. 1 (1978)). However, the Double Jeopardy Clause "imposes no limitation whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside." *Id.* at 131 (quoting *North Carolina v. Pearce, supra*). There is only one exception to this rule: "the Double Jeopardy Clause prohibits retrial after a conviction has been reversed because of insufficiency of the evidence." *Id.* at 131; see also *Burks v. United States, supra*. Clearly, that is not the case here.

■■ The U.S. Supreme Court has long held that in both the multiple-punishment and multiple-prosecution contexts, where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. *See United States v. Dixon*, 509 U.S. 688 (1993); *Brown v. Ohio*, 432 U.S. 161 (1977); *Blockburger v. United States*, 284 U.S. 299 (1932) (multiple punishment); *Gavieres v. United States*, 220 U.S. 338 (1911) (successive prosecutions). The same-elements test, commonly referred to as the "*Blockburger*" test, is as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Commonwealth*, 108 Mass. 433: "A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

*Blockburger*, 284 U.S. at 304. The Supreme Court reaffirmed the *Blockburger* analysis in *United States v. Dixon, supra*, therein denouncing the "same-conduct" test. The Court stated in *Dixon*:

> The collateral estoppel effect attributed to the Double Jeopardy Clause, see *Ashe v. Swenson*, 397 U.S. 436 (1970), may bar a later prosecution for a separate offense where the Government has *lost* an earlier prosecution involving the same facts. But this does not establish that the Government "must . . . bring its prosecutions . . .

together." It is entirely free to bring them separately, and can win convictions in both.

*Dixon*, 509 U.S. at 705 (emphasis in original).

■ Clearly, in the instant case, the State *won* the earlier prosecution in that the appellee pled to that offense. Further, when applying the *Blockburger* same-elements test, as well as Ark. Code Ann. §§ 5-1-110 and 5-1-113, it is clear that each of the two offenses contained an element neither required to be proven by the other nor included in the other. As such, we hold that double jeopardy does not apply and that the trial court erred in this case by barring a subsequent prosecution for second-degree murder. The case is, therefore, reversed and remanded.