STATE of Arkansas *v.* Wendi Carol WILLIAMS

CR 01-1195 75 S.W.3d 684

Supreme Court of Arkansas
Opinion delivered May 16, 2002

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

· *Christian & Byars*, by: *Eddie Christian, Jr.*, for appellee.

W H. "DUB" ARNOLD, Chief Justice. This is a State appeal from the dismissal, based upon double jeopardy, of a state theft charge under Ark. Code Ann. § 5-36-103(a) against appellee, Wendi Carol Williams. The State maintains this Court has jurisdiction pursuant to Ark. R. App. P.—Crim. 3 to entertain this appeal. We disagree and dismiss the appeal.

The circuit court dismissed the appellee's state theft charge under Ark. Code Ann. § 5-1-114(1) (Repl. 1997) because the appellee had pled guilty to federal bank fraud based on the same conduct. The circuit court found that the two crimes did not protect against substantially different harm or evil. The State appeals.

On June 5, 2000, the State filed an information charging the appellee with theft by deception, alleging that she knowingly obtained property with a value of more than $2500 from City National Bank by deception and with the purpose to deprive the owner of the property. Additionally, on August 16, 2000, a one-count indictment was filed in the United States District Court for the Western District of Arkansas in case number CR20041-001 pursuant to 18 U.S.C. § 1344. The federal court indictment alleged the following:

> Beginning on or about April 1, 2000, and continuing on or through June 14, 2000, in the Western District of Arkansas, WENDI CAROL WILLIAMS, Defendant herein, knowingly executed and attempted to execute a scheme and artifice to

defraud the City National Bank, a federally insured institution, and to obtain monies, funds, and credit under the control of City National Bank, by means of false and fraudulent pretenses, representation and promises.

The federal court indictment and the state court information were both based upon the exact same criminal conduct of appellee, that being that appellee utilized a fraudulent loan application in order to obtain a $17,500.00 loan from City National Bank of Fort Smith, Arkansas.

Appellee subsequently entered a plea of guilty to the one-count indictment filed in federal court. As a result, the appellee was sentenced on July 31, 2001, and ordered to serve twelve months' imprisonment. She was further ordered to pay restitution to City National Bank in the sum and amount of $21,499.56; this sum was derived from the $17,500.00 loan proceeds plus interest.

When appellee failed to appear on the state charge in June of 2001, a bench warrant was issued for her arrest. On August 3, 2001, her counsel filed a motion to dismiss the charge, relying on Ark. Code Ann. § 5-1-114, on the basis that she had earlier pled guilty to a federal crime based on the same conduct. The State filed a response on August 7, 2001, arguing, among other things, that the exception found in Ark. Code Ann. § 5-1-114(1)(A) applied. That same date, the State also filed an amended information charging the appellee with theft of property, but making the same theft-by-deception allegation made in the original information.

The circuit court held a hearing on the appellee's motion to dismiss on August 15, 2001. Among other things, the State argued that the federal statute is meant to protect banks against fraud schemes, while the state statute protects anyone against the actual theft of property, without respect to an underlying fraudulent scheme. The circuit court granted the appellee's motion to dismiss by an order filed August 17, 2001, finding that the federal and state charges were not substantially different and that the state crime did not prevent a substantially different harm or evil than the federal crime. The State filed a notice of appeal on September 1, 2001. For its only point on appeal, the State asserts that the

circuit court erred as a matter of law by finding that state theft does not prevent a substantially different harm or evil than federal bank fraud.

 We must first raise the question of whether this appeal is properly before this Court. Specifically, we must determine whether the correct and uniform administration of justice requires us to review this appeal. Ark. R. App. P.—Crim. 3(c). *State v. Ashley*, 347 Ark. 523, 66 S.W.3d 563 (2002); *State v. Guthrie*, 341 Ark. 624, 19 S.W.3d 10 (2000). In criminal cases, we accept appeals by the State in limited circumstances. *State v. McCormack*, 343 Ark. 285, 34 S.W.3d 735 (2000). This Court has held our review of a State appeal is not limited to cases that would establish precedent. *State v. Gray*, 330 Ark. 364, 955 S.W.2d 502 (1997). Moreover, there is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. The former is a matter of right, whereas the latter is not derived from the Constitution, nor is it a matter of right, but is granted pursuant to Rule 3. *State v. Ashley, supra*; *State v. Guthrie, supra*; *State v. McCormack; supra*. We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. Rule 3(c). As a matter of practice, this court has only taken appeals which are narrow in scope and involve the interpretation of law. *State v. Banks*, 322 Ark. 344, 909 S.W.2d 634 (1995). Where an appeal does not present an issue of interpretation of the criminal rules with *widespread ramifications*, this Court has held that such an appeal does not involve the correct and uniform administration of the law. *State v. Harris*, 315 Ark. 595, 868 S.W.2d 488 (1994).

 Appeals are not allowed merely to demonstrate the fact that the trial court erred. *State v. Stephenson*, 330 Ark. 594, 955 S.W.2d 518 (1997); *State v. Spear and Boyce*, 123 Ark. 449, 185 S.W. 788 (1916). Thus, where the resolution of the issue on appeal turns on the facts unique to the case, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appealable by the State. *State v. Ashley, supra*; *State v. Guthrie, supra*; *State v. Howard*, 341 Ark. 640,

19 S.W.3d 4 (2000); *State v. Gray*, 330 Ark. 364, 955 S.W.2d 502 (1997); *State v. Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992) ("Here, the State questions the trial court's application of our rule to the facts at hand and not its interpretation, so the appeal must be dismissed."). This Court will not even accept mixed questions of law and fact on appeal by the State. *State v. Gray, supra; State v. Edwards, supra; State v. Hart*, 329 Ark. 582, 952 S.W.2d 138 (1997) ("Because the issue presented in this appeal involves a mixed question of law and fact, an interpretation of our rules with widespread ramifications is simply not at issue here."). Likewise, where an appeal raises the issue of application, not interpretation, of a statutory provision, it does not involve the correct and uniform administration of the criminal law and is not appealable by the State. *State v. Jones*, 321 Ark. 451, 903 S.W.2d 170 (1995); *State v. Mazur*, 312 Ark. 121, 847 S.W.2d 715 (1993).

■ Here, the State's argument is based entirely on the *application* of the law to the facts and in no way raises an issue of statutory interpretation and, therefore, does not require interpretation of criminal statutes with widespread ramifications. Accordingly, this Court does not accept this appeal by the State under Ark. R. App. P.—Crim. 3(c). The trial court's order to dismiss was within its discretion; therefore, we do not accept this appeal because it does not involve the correct and uniform administration of the law, only the application of the law.

Appeal dismissed.

GLAZE, CORBIN, and IMBER, JJ., dissent.

TOM GLAZE, Justice, dissenting. I dissent. This court has taken similar appeals to resolve the statutory interpretation of law regarding former-jeopardy claims. *See State v. Thompson*, 343 Ark. 135, 139, 34 S.W.3d 33, 35 (2000); *State v. McMullen*, 302 Ark. 252, 253, 789 S.W.2d 715, 716 (1990). Here, no factual issues exist. Appellee Wendi Williams had pled guilty to a federal crime under 18 U.S.C.A. § 1344 (2000). Based on the same conduct underlying the federal crime, the State charged

Williams committed theft of property under state law, Ark. Code Ann. § 5-1-144(1)(A)(1) (Repl. 1997), which provides as follows:

> When conduct constitutes an offense within the concurrent jurisdiction of this state of the United States or another state or territory thereof, a prosecution in any such other jurisdiction is an affirmative defense to a subsequent prosecution in this state under the following circumstances:
>
> (1) The first prosecution resulted in an acquittal or in a conviction as set out in § 5-1-112, and the subsequent prosecution is based on the same conduct unless:
>
> (A) The offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other, *and the law defining each of the offenses is intended to prevent a substantially different harm or evil*[.]

(Emphasis added.)

The sole legal issue to be decided in this appeal is whether the trial court misinterpreted § 5-1-114(1)(A) in deciding that the state theft law is not intended to prevent a substantially different harm or evil than the federal bank-fraud statute. It is difficult for me to understand why we decline to reach this legal issue now, because no doubt, this same issue is likely to be raised again until the issue is resolved. As noted above, we have done so in similar appeals in the past, and I know of no good reason not to do so in this case.

CORBIN and IMBER, JJ., join this dissent.